# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

PENSCO TRUST COMPANY, TRUSTEE
FOR ED WAITE IRA,

        Appellant,

    v.

J.G. JOHNSON and JANET JOHNSON, a
Married Couple; DOES 1 through 10,

        Respondents.

No.  53757-5-II

UNPUBLISHED OPINION

SUTTON, A.C.J. — This appeal arises over an implied easement for a water line installed by the original property owner.  Ed Waite[1] appeals the superior court's orders granting J.G. and Janet Johnson's motions to quiet title and for partial summary judgment relating to an implied easement for a water line across Waite's property, dismissing Waite's claims of nuisance and trespass with prejudice, and awarding the Johnsons reasonable attorney fees and costs  as sanctions against Waite.

We dismiss this appeal and remand this case to the superior court because this case is not ripe for review, and we deny discretionary review.

---

[1] Pensco Trust Company purchased the property at issue as trustee for Waite's individual retirement account (IRA).  Pensco Trust Company and Ed Waite will be referred to collectively as "Waite."

FACTS

Wendi and Morall Olson were the principals of M.J. Olson Enterprises. The Olsons, either in their personal capacity or as principals of M.J. Olson Enterprises, owned all the property along Spencer Creek Road between 625 Nectarine Drive and the nearest usable public water supply.

In 2006, the Olsons sold raw land at 625 Nectarine Drive (the dominant estate) to Richard and Lisa Wise. The Olsons, either in their personal capacity or as principals for their corporation, continued to own the remaining land along Spencer Creek (the servient estate). As part of the development agreement, Wise contracted with M.J. Olson Enterprises to build a house for Wise on the dominant estate. There was no usable water supply in any public right of way to which the dominant estate had access, so in 2008, Olson received authority from the City of Kalama to hook up a new water line to the City's water line for the purpose of serving the dominant estate. Olson contracted with Dennis Wood to excavate and install a water line, which connected the City's water line and travelled across the servient estate to Wise's property to serve the dominant estate.

Pensco Trust Company, as trustee for Ed Waite's IRA, subsequently purchased the servient estate in 2011. Waite bought it for "the sole purpose of subdividing and developing the property." Clerk's Papers (CP) at 110.

J.G. and Janet Johnson purchased the dominant estate on July 7, 2011, at a foreclosure sale. At the time the Johnsons purchased the dominant estate, "[n]othing in [their] title report or otherwise put [them] on notice that there was any irregularity about [their] water supply or the location of the water piping to [their] home." CP at 48. Similarly, Waite did not know about the water line when he purchased the servient estate.

In early 2015, Waite discovered the water line and the water meter on the south end of his property. He sent the Johnsons a letter informing them of this and requesting the Johnsons relocate the water line. The Johnsons did not agree to relocate the water line, but they did offer to cooperate with Waite in coming up with a solution to the issue. The parties communicated back and forth for a period of about five months.

On June 12, 2015, the parties met with City of Kalama staff to discuss the water line and "possibilities for development of the property." CP at 42. The parties attempted to, but did not, reach an agreement whereby the Johnsons could use the existing water line for one year while the parties worked to relocate the water line.

Waite filed a complaint and summons on August 3, 2015, against the Johnsons, alleging trespass and nuisance, and seeking an injunction and an order quieting title. The Johnsons answered and filed a counterclaim for quiet title. The Johnsons moved for partial summary judgment on September 17, 2018, seeking dismissal of the trespass and nuisance claims and Waite's request for injunctive relief.[2] The Johnsons also sought to quiet title for an easement across Waite's property for the water line. The superior court granted the Johnsons' motion regarding the easement and quieted title, but declined to dismiss Waite's trespass and nuisance claims.

The Johnsons subsequently moved to dismiss Waite's claims with prejudice and for CR 11 sanctions. The superior court granted the Johnsons' motion. However, "[t]he court note[d] that although by previous order, it ha[d] quieted title in an easement 'where is and as is,' such easement

---

[2] The Johnsons did not move to dismiss Waite's quiet title claim against them.

has not been legally described and shall not be perfected until surveyed and legally described for the record." CP at 271.

The superior court dismissed Waite's trespass, nuisance, and injunction claims with prejudice. The court also awarded the Johnsons reasonable attorney fees and costs as CR 11 sanctions against Waite.

The superior court stated the following in its oral ruling,

> [Waite's attorney] is correct in one respect and that is we don't have an easement of record until we've got a legal description of the easement. It's not just where this guy says he put it seven years ago as best as he recalls. Whatever steps have to be taken in order to get a legal description of the easement still need to be taken. . . . We can't complete the case until we've got either a ruling on here's the correct legal description or an agreement on here's the correct legal description.

Verbatim Report of Proceedings (VRP) (March 27, 2019) at 20.

Waite appeals the order granting partial summary judgment and quieting title to an implied easement for a water line, the judgment and order dismissing his claims with prejudice and for sanctions, and the amended judgment on CR 11 sanctions.

## ANALYSIS

A final judgment is appealable as a matter of right. RAP 2.2(a)(1). We may grant discretionary review of a matter not appealable as a matter of right under the following circumstances:

> (1) The superior court has committed an obvious error which would render further proceedings useless;
>
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;

(3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or

4) The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to whether there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.

RAP 2.3(b).

RCW 7.28.120 provides that:

[t]he plaintiff in [a quiet title] action shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail. The property shall be described with such certainty as to enable the possession thereof to be delivered if a recovery be had.

Here, the statutory requirements have not been met; describing the property at issue as "where is and as is" is not sufficient to meet the requirements of RCW 7.28.120. As the superior court stated, the judgment will not be final until there is a legal description of the easement. Absent a final judgment, Waite has not identified any basis for appeal as a matter of right under RAP 2.2. Thus, we hold that this case is not ripe for review. Furthermore, we have considered the factors under RAP 2.3(b) for discretionary review and decline to accept discretionary review.

No. 53757-5-II

CONCLUSION

We dismiss this appeal and remand to the superior court for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

GLASGOW, J.

6